DECISION AND JOURNAL ENTRY
Appellants, June Long and Carolyn Bookwalter, appeal the Summit County Court of Common Pleas' entry of summary judgment against them. We affirm.
In 1997 and early 1998, the Mogadore Board of Education (hereinafter sometimes referred to as "the Board") was conducting interviews to find a suitable candidate to hire as the new superintendent of the Mogadore School District. The field of candidates was narrowed to three persons: Jack Evans, Rusty McDonald, and Gregg Reink. Evans and McDonald withdrew their names from consideration. John Cain, Michael Brookman, J. E. Pearce, appellees, were members of the Board while Richard Brumbaugh, appellee, was President of the Mogadore Education Association. At the April 16, 1998 meeting of the Board, Cain read a statement prepared by Brumbaugh while Brookman and Pearce, read statements prepared by themselves.[1] The statements accused Long and Bookwalter of improperly interfering with the selection process. In the statements, appellees allegedly accused Long of telling McDonald that he was no longer under consideration for the position during a conversation in the parking lot. Moreover, appellees' statements allegedly accused Long and Bookwalter of threatening to discredit Evans if he did not withdraw and of other improper communications with Evans and McDonald.
On November 11, 1998, Long and Bookwalter filed a complaint against Brumbaugh, Brookman, Pearce, and Cain, as well as the Mogadore Board of Education, seeking damages for defamation and intentional infliction of emotional distress. The claims against the Mogadore Board of Education and the intentional infliction of emotional distress claims against all the defendants in the instant action were dismissed by Long and Bookwalter on July 15, 1999. Previously, on June 2, 1999, appellees had filed a motion for summary judgment; Long and Bookwalter responded in opposition, also on July 15, 1999. The trial court granted appellees' motion for summary judgment, entering judgment against Long and Bookwalter on August 2, 1999. This appeal followed.
Long and Bookwalter assert one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS/APPELLANTS WHEN IT GRANTED DEFENDANTS/APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Long and Bookwalter aver that the trial court erred when it granted summary judgment in favor of appellees because appellees failed to identify portions of the record which demonstrate the absence of a genuine issue of material fact. Moreover, appellees argue that, in their brief in opposition to appellees' motion for summary judgment, they demonstrated a material issue of fact for trial. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
Where, however, a party fails to make a showing of evidence as to the existence of an essential element of their cause of action, "`there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Dresher, 75 Ohio St.3d at 288, quoting CelotexCorp. v. Catrett (1986), 477 U.S. 317, 322-23, 91 L.Ed.2d 265,273.
"Defamation is a false publication that injures a person's reputation." E. Canton Edn. Assn. v. McIntosh (Aug. 18, 1997), Stark App. No. 96-CA-0293, unreported, 1997 Ohio App. LEXIS 3957, at *16 (sitting by assignment Judge Dickinson, Judge Baird, and Judge Slaby of the Ninth District Court of Appeals), affirmed (1999), 85 Ohio St.3d 465. To establish a legally cognizable claim of defamation one must show: "(1) a false and defamatory statement about plaintiff; (2) published without privilege to a third party [;] (3) with fault of at least negligence on the part of the defendant [;] and (4) that was either defamatory per se or caused special harm to the plaintiff." Id.
If the alleged defamatory statements concern a "public official," one must show actual malice on the part of the party making the statement. E. Canton Edn. Assn. v. McIntosh (1999),85 Ohio St.3d 465, 473; Varanese v. Gall (1988), 35 Ohio St.3d 78, paragraph one of the syllabus. Actual malice can be demonstrated "either with actual knowledge that the statement was false, or with a high degree of awareness of its probable falsity."Varanese, 35 Ohio St.3d at paragraph one of the syllabus. Moreover, "the plaintiff's burden of establishing actual malice must be sustained with convincing clarity even when the plaintiff's case is being tested by a defendant's motion for summary judgment." Id. at 81.
Statements may also be absolutely privileged or fall under a qualified privilege, however,
 "It has been said by many courts that the occasions of absolute privilege are few and that the tendency is to limit them rather strictly to the following types of occasions: (1) The legislative proceedings of sovereign states; (2) judicial proceedings in established courts of justice; (3) official acts of the chief executive officers of state or nation; and (4) acts done in the exercise of military or naval authority. * * *"
M.J. DiCorpo, Inc. v. Sweeney (1994), 69 Ohio St.3d 497, 505, quoting Bigelow v. Brumley (1941), 138 Ohio St. 574, 579-80. If a statement is not covered by absolute privilege, the statement may still be subject to a qualified privilege.Costanzo v. Gaul (1980), 62 Ohio St.2d 106, 111. The essential elements necessary to establish a qualified privilege "`are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.'" (Emphasis omitted.) Hahn v. Kotten (1975),43 Ohio St.2d 237, 244, quoting 50 American Jurisprudence 2d 698, Liable and Slander, Section 195. Such a qualified privilege may be overcome by "actual malice." Costanzo,62 Ohio St.2d at 111.
In the instant case, construing the evidence in a light most favorable to the non-moving party, we find that the trial court did not err in granting summary judgment in favor of appellees. The statements were made at an open meeting of the Mogadore Board of Education by members of the Board and the President of the Mogadore Education Association. The statements were made regarding the conduct of other Board members, Long and Bookwalter, during the interview process for a new superintendent of the Mogadore School District. Although pursuant to R.C. 3313.01 etseq. a board of education has a policy-making role, it is not a legislative body of a sovereign state nor does its proceedings otherwise qualify for absolute privilege. As we conclude that the trial court did not err in concluding that the proceedings of the Mogadore Board of Education were not absolutely privileged, we must now turn to whether Long and Bookwalter must prove actual malice. We conclude that due to their positions on the Mogadore Board of Education and its policy-making role, they were public officials. See E. Canton Edn. Assn., 85 Ohio St.3d at 474
(stating that a public school superintendent is a public official while a wrestling coach or a principal are not, as they lack the policy-making role of public officials).
Although Long and Bookwalter bear the higher burden of establishing actual malice due to their position as public officials, we are unable to determine due to a lack of evidence, whether qualified privilege would also apply. Such a determination is, however, unnecessary, as Long and Bookwalter already must show actual malice as public officials; therefore, requiring a showing of actual malice due to qualified privilege would not heighten their burden of proof.
In ruling on the appellees' motion for summary judgment in this case, the trial court had affidavits, depositions, and interrogatories before it. We have reviewed the same record. As the trial court correctly noted, the statements read at the Board meeting, copies of which were attached to appellees' motion for summary judgment, were not properly certified as required by Civ.R. 56(E) and were not properly before the trial court. Moreover, these statements are not properly before this court.
We are "mindful of [our] responsibility to conduct an independent examination of the record to ensure against forbidden intrusions into constitutionally protected expression" and that summary procedures are particularly warranted in the First Amendment area "due to the potential chilling effect which the threat of a lawsuit may have on the exercise of First Amendment rights." Varanese, 35 Ohio St.3d at 80. "It is for this reason that the plaintiff's burden of establishing actual malice must be sustained with convincing clarity even when the plaintiff's case is being tested by a defendant's motion for summary judgment."Id. at 81.
Appellees' motion for summary judgment cited to the depositions of Long, Bookwalter, and Brumbaugh as well as interrogatories to Long and Bookwalter and their complaint. As these evidenced the lack of a material issue of fact as to the existence of the necessary element of actual malice, we conclude that the trial court did not err in proceeding on appellees' motion for summary judgment. After thoroughly reviewing all the relevant documents, including the depositions and affidavits submitted by Long and Bookwalter, we conclude that they failed to establish, with convincing clarity, a material issue of fact as to whether the appellees acted with actual malice. The record before us displays, at most, negligence on the part of appellees in not investigating their statements more thoroughly rather than knowledge of the statement's falsity or a high degree of awareness of its probable falsity. Therefore, Long and Bookwalter failed to make a showing of evidence as to the existence of an essential element of their cause of action. Hence, we hold that the trial court did not err in determining that the appellees' motion for summary judgment pointed to portions of the record that evidenced a lack of a material issue of fact on the issue of actual malice. Therefore the trial court did not err in determining that summary judgment against Long and Bookwalter was proper. Accordingly, Long and Bookwalter's assignment of error is overruled.
Long and Bookwalter's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants. Exceptions.
 ______________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
SLABY, J. and WHITMORE, J. CONCUR.
[1] There is some discrepancy in the record as to whether the statements were all read by Cain or whether some of the statements were read by their authors. However, neither factual pattern would change our analysis in the instant case.